# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ANTERO RESOURCES CORPORATION,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:23-cv-1167** |
| | § | |
| **JOHN KAWCAK; JENNIFER KAWCAK; ORA TRUSTEES LIMITED as trustee of J&J Management Trust, IJJSSTEX MANAGEMENT LLC; CSB HOLDINGS 329, LLC; JOHN KAWCAK, in his capacities as member, manager and trustee of IJJSSTEX Management LLC; JENNIFER KAWCAK, in her capacities as member, manager and trustee of IJJSSTEX Management LLC;** | § | |
| *Defendants* | § | |
| | § | |

## ANTERO RESOURCES CORPORATION'S ORIGINAL COMPLAINT

Plaintiff Antero Resources Corporation ("Antero") files this Original Complaint against Defendant John Kawcak, a/k/a Ivan John Kawcak Jr., Jennifer Kawcak, et al. (collectively, "Defendants"). In support thereof, Antero respectfully shows as follows:

# I.
# INTRODUCTION

1.      This dispute arises out of Defendant John Kawcak's efforts to defeat a judgment in favor of Antero Resources Corporation for over $12 million dollars.

2.      Antero sued John Kawcak, formerly one of Antero's most trusted and senior employees, after discovering that John Kawcak had accepted substantial kickbacks (over $700,000 in cash and a private jet) from Tommy Robertson and his companies in exchange for (1) hiring Robertson's companies to work for Antero performing certain "drillout" services, (2) allowing those companies to overbill Antero, and (3) concealing the Robertson companies' overbilling scheme from Kawcak's superiors at Antero.

3.      Antero alleged, and the jury found, that John Kawcak breached the fiduciary duties he owed to Antero when he accepted kickbacks from Robertson. The jury also found that Antero suffered $11,122,140 in damages as a result of John Kawcak's kickback scheme.

4.      The Federal District Court for the Northern District of Texas entered judgment on the verdict for $11,897,689.39 against John Kawcak on April 19, 2022, which consisted of the damages and $775,549.39 of Kawcak's kickbacks. *See Antero Res. Corp. v. C&R Downhole Drilling, Inc.*, No. 4:16-cv-00668-Y, ECF No. 658 (N.D. Tex. Apr. 19, 2022).

5.      The district court amended the judgment on August 25, 2022, and awarded Antero additional amounts for prejudgment and post-judgment interest, as well as recovery of costs and certain shares of stock.

6.      Kawcak appealed and the United States Court of Appeals for the Fifth Circuit affirmed the damages award. *Antero Res. Corp. v. C&R Downhole Drilling Inc.*, No. 22-10918 (5th Cir. Oct. 31 2023).

7.      Unbeknownst to Antero, John Kawcak and his wife Jennifer Kawcak immediately began dissipating their assets after the district court entered judgment against John Kawcak.

8.      On April 26, 2022, Kawcak and his wife registered J&J Management Trust as a Cook Islands Trust.

9.      On April 28, 2022, Kawcak and his wife formed IJJSSTEX Management LLC, as an Island of Nevis LLC.

10.     Kawcak then recorded deeds of trust on each property owned by him and his wife, with liens totaling nearly $4 million.

11.     The Kawcaks involved Jennifer Kawcak's adult son, Sage Hickox, to witness nearly every fraudulent conveyance.

12.     Kawcak also filed a Uniform Commercial Code ("UCC") financing statement giving a security interest in all his personal property.

13.    And in September 2023, while the appeal was pending, John and Jennifer Kawcak recorded quitclaim deeds for many of the real properties, transferring ownership of the properties to themselves as "trustees of IJJSSTEX Management LLC."

14.    Kawcak now claims that he has no assets available to satisfy Antero's judgment.

15.    These types of fraudulent transfers are not novel and courts have adequate tools to undo the damage John Kawcak and the other defendants have caused. Under the Texas Uniform Fraudulent Transfer Act, Antero seeks to void the transfers and obligations and reach the assets of the transferees to satisfy the judgment. *See* Tex. Bus. & Com. Code §24.008(a). Likewise, this Court can impose a constructive trust on each of the Defendants. And because the defendants acted in concert, each is liable in a civil conspiracy. Moreover, this Court can disregard the formalities and reach Kawcak's newly formed LLC's assets as his alter ego.

## II.
## PARTIES

16.    Plaintiff Antero Resources Corporation is a Delaware corporation with its principal place of business in Denver, Colorado. Antero has no parent corporation and no publicly held corporation owns 10% or more of its stock.

17.    Defendant John Kawcak in his individual capacity. Defendant John Kawcak is also known as Ivan John Kawcak Jr.

18.     Defendant Jennifer Kawcak in her individual capacity.

19.     Defendant ORA Trustees Limited, whose address is Global House, Avura District, Rarotonga, Cook Islands, is sued in its capacity as trustee of J&J Management Trust, dated April 26, 2022, a Cook Islands Trust under the International Trusts Act of 1984.

20.     Defendant IJJSSTEX Management LLC is an Island of Nevis limited liability company formed on April 28, 2022, under the Nevis Limited Liability Company Ordinance, 2017. IJJSSTEX Management LLC's registered agent for accepting service is Morning Star Holdings Limited.

21.     Defendant CSB Holdings 329, LLC (Cook Islands) is an LLC organized and existing under the laws of the Cook Islands, whose address is Global House, Parekura, Tutakimosa Rd., Avarua District, Cook Islands.

22.     Defendant John Kawcak is also sued in his capacities as member, manager, and trustee of IJJSSTEX Management, LLC.

23.     Defendant Jennifer Kawcak is also sued in her capacities as member, manager and trustee of IJJSSTEX Management, LLC.

### III.
### JURISDICTION AND VENUE

24.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000.

25.     Plaintiff Antero Resources Corporation is a citizen of Delaware and Colorado for jurisdictional purposes.

26.     Defendant John Kawcak is a natural person and a citizen of Texas.

27.     Defendant Jennifer Kawcak is a natural person and a citizen of Texas.

28.     On information and belief, ORA Trustees Limited is a Cook Islands limited partnership and each of its members is a citizen of Cook Islands or New Zealand.

29.      IJJSSTEX Management LLC is a Nevis limited liability company and is a citizen of Texas as its members John Kawcak and his wife Jennifer Kawcak are citizens of Texas.

30.     On information and belief, CSB Holdings 329, LLC (Cook Islands) is an LLC organized and existing under the laws of the Cook Islands, whose address is Global House, Parekura, Tutakimosa Rd., Avarua District, Cook Islands, and whose members are citizens of Cook Islands or New Zealand.

31.     Venue properly lies in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

## IV.
## FACTUAL BACKGROUND

**A.    Antero obtained a judgment against Kawcak for breach of fiduciary duty in the amount of $11,897,689 plus interest and costs.**

32.    John Kawcak was one of Antero's most trusted and senior employees. Antero discovered that Kawcak had accepted substantial kickbacks from a vendor, including over $700,000 in cash and a private jet, and sued John Kawcak for breach of fiduciary duty and fraud.

33.    The jury returned a verdict that John Kawcak's breach of fiduciary duty caused Antero $11,122,140 in damages as a result of Kawcak's kickback scheme. The jury also found that John Kawcak committed fraud.

34.    On April 19, 2022, the United States District Court for the Northern District of Texas entered judgment in favor of Antero and against John Kawcak for $11,897,689.39.

35.    Under the Federal Rules of Civil Procedure, Antero could not execute on the judgment for 30 days. *See* Fed. R. Civ. P. 62(a). John Kawcak never posted a supersedeas bond or otherwise obtained a stay of execution on the judgment.

36.    On August 25, 2022, the Northern District of Texas entered an amended final judgment (the "Judgment") in favor of Antero. In the Judgment, this Court awarded to Antero from Mr. Kawcak:

- $11,897,689.39;

- prejudgment interest of $2,115,506.96 based on the rate of 5% per annum from September 29, 2018, until April 19, 2022;

- post-judgment interest at the rate of 1.84% from April 20, 2022, until paid;

- recovery of 130,170 shares of Antero Midstream stock held in Kawcak's name; and

- $58,458.61 costs of Court under 28 U.S.C. § 1920.

37.    John Kawcak appealed, and the Fifth Circuit has since affirmed the district court's damages award. *Antero Res. Corp. v. C&R Downhole Drilling Inc.*, No. 22-10918 (5th Cir. Oct. 31 2023).[1]

**B.    John Kawcak began dissipating his assets immediately after the trial court entered judgment in April 2022.**

**i.    John and Jennifer Kawcak created the J&J Management Trust.**

38.    On April 26, 2022, Kawcak and his wife registered J&J Management Trust as a Cook Islands Trust.

39.    The Deed of Settlement of the J&J Management Trust lists John Kawcak and Jennifer Kawcak as the settlors of the trust.

40.    The Third Schedule thereto lists John Kawcak and Jennifer Kawcak as the primary beneficiaries of the trust.

---

[1] The Fifth Circuit remanded for the limited purpose of determining whether John Kawcak is entitled to an offset for Antero's settlement with other defendants in that suit. That offset is currently pending, but the settlement was for $2.5 million pursuant to a payment schedule. Antero has provided John Kawcak a copy of the settlement. Kawcak will owe Antero over $10 million regardless of the outcome of the offset.

41.     The Trustee of J&J Management Trust is ORA Trustees Limited.

### ii.     John and Jennifer Kawcak created IJJSSTEX Management LLC.

42.     On April 28, 2022, John Kawcak and Jennifer Kawcak formed IJJSSTEX Management LLC.

43.     John and Jennifer Kawcak are 50% members of IJJSSTEX Management LLC.

44.     John and Jennifer Kawcak also serve as Managers of the IJJSSTEX Management LLC.

45.     IJJSSTEX Management LLC issued Membership Certificate Number 3 on September 1, 2022, in favor of "J&J Management Trust, Trustee," for 50% of the units. The certificate is signed by John Kawcak and Jennifer Kawcak.

46.     IJJSSTEX Management LLC issued Membership Certificate Number 4 on September 1, 2022, in favor of "J&J Management Trust, Trustee," for 50% of the units. The certificate is signed by John Kawcak and Jennifer Kawcak.

### iii.     John Kawcak filed a UCC financing statement lien on his personal property.

47.     On June 14, 2022, John Kawcak filed a UCC financing statement in favor of IJJSSTEX Management LLC. The collateral is described as:

> All assets of the debtor, including, but not limited to, any and all furniture, fixtures, equipment, inventory, accounts receivable, goodwill, and general intangibles; whether any of the foregoing is

owned now or acquired later; all accessories, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing.

48.   On information and belief, Kawcak did not receive any value in return for the financing statement in favor of Kawcak's personal LLC. John Kawcak disclosed this financing statement in response to Antero's motion for post-judgment aid in enforcement of the judgment under Texas' Turnover Statute, Texas Civil Practice & Remedies Code §31.002. But Kawcak did not disclose any consideration received for the security interest, nor any debt obligation incurred by him.

49.   Kawcak also began encumbering real estate owned by him in June 2022. Kawcak and his wife owned several properties at the time the Northern District rendered judgment against him:

| Address | County |
|---|---|
| 7009 Sunnybank Drive Fort Worth, TX 76137 | Tarrant |
| 765 Treadwell Drive Hurst, TX 76053 | Tarrant |
| 4920 Sabelle Lane Haltom City, 76117 | Tarrant |
| 4704 Marsalis Street Fort Worth, TX 76117 | Tarrant |
| 2328 Fincher Road Haltom City, TX 76117 | Tarrant |
| 551 County Road 3798 Springtown, TX 76082 | Wise |
| 9901 FM 1156 Jacksboro, TX 76459 | Jack |

| Address | County |
|---|---|
| Slusher Road Properties, consisting of 19.25 acres in Lot No. 20, Block 2 of the Henderson County Land Survey, Abstract 257, and 52.38 acres in Lot No. 20, Block No. 2 of the Henderson County School Land Survey, Abstract No. 257 | Jack |
| 519 Main Street Springtown, TX 76083 | Parker |
| 770 San Remo Way Boulder City, NV 89005-3532 | Clark |

50.   Kawcak systematically filed liens and encumbrances on those properties in favor of his newly created LLC, IJJSSTEX Management LLC.

### iv.   7009 Sunnybank Drive, Fort Worth, TX 76137.

51.   On June 6, 2022, Kawcak recorded a Deed of Trust in Tarrant County, which recited that John Kawcak and Jennifer Kawcak borrowed $290,000 from IJJSSTEX Management LLC and secured a lien on the property at 7009 Sunnybank Drive, Fort Worth, TX 76137 for that amount.

52.   Both John and Jennifer Kawcak signed the Deed of Trust.

53.   Sage Hickox signed as witness.

54.   The legal description of the property is recited as "Summerfields Addition Block 53 Lot 7, bearing tax assessor parcel number: 7009, which currently has the address of 7009 Sunny Bank Drive, Fort Worth, TX 76137."

55.   The Deed of Trust recites that it was prepared by Melissa Nash, a paralegal of Lawyers Limited, 829 W. Palmdale Blvd. #68, Palmdale CA 93551.

56.     Lawyers Limited's website, lawyerslimited.com, advertises asset-protection services that can shield assets from the "vicious legal system that can plunder your hard-earned wealth."

## ASSET PROTECTION TRUSTS

An asset protection trust shields you from the vicious legal system that can plunder your hard-earned wealth. Why is this important? It is because the judge's first impression of you will be the sinister picture that your opponent paints of you. Winning or losing is not necessarily a matter of "right" and "wrong." It's a matter of legal opinion. After all, how many five-to-four decisions have you heard of from the nine-member US Supreme Court? There have been many. So, an asset protection trust puts you in the driver's seat. It gives you the power of negotiation. It gives you peace of mind.

-lawyerslimited.com, accessed November 7, 2023.

57.     John Kawcak has not identified any consideration for the lien on 7009 Sunny Bank Drive. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

58.     John Kawcak and Jennifer Kawcak then re-recorded that deed of trust with a revised notary block on June 23, 2022.

59.     John Kawcak and Jennifer Kawcak signed as borrowers, and Sage Hickox signed as the witness.

60.     On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Tarrant County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

61.     The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

62.     The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

63.     The assignment was signed by Sage Hickox as a witness.

64.     On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 7009 Sunny Bank Drive.

65.     The deed is purportedly dated April 22, 2022, and is granted to "Jennifer Nicole Kawcak and Ivan John Kawcak Jr. as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

66.     As consideration, the Deed only recites $10 as consideration for the deed. The deed is signed by John Kawcak and Jennifer Kawcak. Sage Hickox signed as witness.

67.     Based on publicly available appraisal data, 7009 Sunny Bank Drive was valued at $213,473 in 2022 by the Tarrant Appraisal District.

### v.      765 Treadwell Drive, Hurst, TX 76053

68.      On June 6, 2022, Kawcak recorded a Deed of Trust in Tarrant County, which recited that John Kawcak and Jennifer Kawcak borrowed $250,000 from IJJSSTEX Management LLC and secured a lien on the property at 765 Treadwell, Hurst, TX 76053 for that amount.

69.      Both John and Jennifer Kawcak signed the Deed of Trust.

70.      The legal description of the property is recited as "Anderson Hurst Addition Block 11 Lot 6, bearing tax assessor parcel number 765, which currently has the address of 765 Treadwell Hurst TX 76053."

71.      The Deed of Trust recites that it was prepared by Lawyers Limited.

72.      John Kawcak has not identified any consideration for the lien on 765 Treadwell. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

73.      John Kawcak and Jennifer Kawcak then re-recorded that deed of trust with a revised notary block on June 23, 2022.

74.      John Kawcak and Jennifer Kawcak signed as borrowers, and Sage Hickox signed as the witness.

75.      On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Tarrant County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

76.     The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

77.     The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

78.     The assignment was signed by Sage Hickox as a witness.

79.     On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 765 Treadwell.

80.     The deed is purportedly dated April 22, 2022, and is granted to "Ivan John Kawcak Jr. and Jennifer Nicole Kawcak as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

81.     The Deed recites only $10 as consideration.

82.     The deed is signed by John Kawcak and Jennifer Kawcak. Sage Hickox signed as witness.

83.     Based on publicly available appraisal data, 765 Treadwell was valued at $182,231 in 2022 by the Tarrant Appraisal District.

### vi.     4920 Sabelle Lane, Haltom City, TX 76117

84.     On June 6, 2022, Jennifer Kawcak recorded a Deed of Trust in Tarrant County, which recited that John Kawcak and Jennifer Kawcak borrowed $275,000

from IJJSSTEX Management LLC, and secured a lien on the property at 4920 Sabelle Lane, Haltom City, TX 76117 for that amount.

85.    Both John and Jennifer Kawcak signed the Deed of Trust.

86.    Sage Hickox signed as witness.

87.    The legal description of the property is recited as "Browning Heights East Block 73 Lot 3, bearing tax assessor parcel number 338087, which currently has the address of 4920 Sabelle LN, Haltom City TX 76117."

88.    The Deed of Trust recites that it was prepared by Lawyers Limited.

89.    John Kawcak has not identified any consideration for the lien on 4920 Sabelle Lane. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

90.    John Kawcak and Jennifer Kawcak then re-recorded that deed of trust with a revised notary block on June 23, 2022.

91.    John Kawcak and Jennifer Kawcak signed as borrowers, and Sage Hickox signed as the witness.

92.    On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Tarrant County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

93.    The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

16

94.     The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

95.     The assignment was signed by Sage Hickox as a witness.

96.     On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 4920 Sabelle Lane.

97.     The deed is purportedly dated April 22, 2022, and is granted to "Jennifer Nicole Kawcak and Ivan John Kawcak Jr. as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

98.     The Deed recites only $10 as consideration for the deed.

99.     The deed is signed by Jennifer Kawcak.

100.    Sage Hickox signed as witness.

101.    Based on publicly available appraisal data, 4920 Sabelle Lane was valued at $185,854 in 2022 by the Tarrant Appraisal District.

### vii.    4704 Marsalis Street, Fort Worth, TX 76117

102.    On June 23, 2022, Kawcak recorded a Deed of Trust in Tarrant County, which recited that John Kawcak and Jennifer Kawcak borrowed $205,000 from IJJSSTEX Management LLC and secured a lien on the property at 4704 Marsalis Street, Fort Worth, TX 76117 for that amount.

103.    Both John and Jennifer Kawcak signed the Deed of Trust.

104.   Sage Hickox signed as witness.

105.   The legal description of the property is recited as "Oakview Addition Block 9 Lot 11 4704 Marsalis ST, bearing tax assessor parcel number: 2051001, which currently has the address of 4704 Marsalis Drive Fort Worth, TX 76117."

106.   John Kawcak has not identified any consideration for the lien on 4704 Marsalis Drive. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

107.   On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Tarrant County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

108.   The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

109.   The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

110.   The assignment was signed by Sage Hickox as a witness.

111.   On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 4704 Marsalis Street.

112.    The deed is purportedly dated April 22, 2022, and is granted to "Jennifer Nicole Kawcak and Ivan John Kawcak Jr. as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

113.    The deed recites only $10 as consideration for the deed.

114.    The deed is signed by Jennifer Kawcak.

115.    Sage Hickox signed as witness.

116.    Based on publicly available appraisal data, 4704 Marsalis Street was valued at $168,505 in 2022 by the Tarrant Appraisal District.

### viii.    2328 Fincher Road, Haltom City, TX 76117

117.    On June 6, 2022, Kawcak recorded a Deed of Trust in Tarrant County, which recited that John Kawcak and Jennifer Kawcak borrowed $185,000 from IJJSSTEX Management LLC and secured a lien on the property at 2328 Fincher Road, Haltom City, Texas 76117 for that amount.

118.    Both John and Jennifer Kawcak signed the Deed of Trust.

119.    Sage Hickox signed as witness.

120.    The legal description of the property is recited as "West Haltom City Block 1 Lot 6, bearing tax assessor parcel number: 2328, which currently has the address of 2328 Fincher Road, Haltom City TX 76117."

121.    The Deed of Trust recites that it was prepared by Lawyers Limited.

122.   John Kawcak has not identified any consideration for the lien on 2328 Fincher Road. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

123.   John Kawcak and Jennifer Kawcak then re-recorded that Deed of Trust with a revised notary block on June 23, 2022.

124.   John Kawcak and Jennifer Kawcak signed as borrowers, and Sage Hickox signed as the witness.

125.   On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Tarrant County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

126.   The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

127.   The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

128.   The assignment was signed by Sage Hickox as a witness.

129.   On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 2328 Fincher Road.

130.   The deed is purportedly dated April 22, 2022, and is granted to "Jennifer Nicole Kawcak and Ivan John Kawcak Jr. as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

131.   The deed recites only $10 as consideration for the deed.

132.   The deed is signed by Jennifer Kawcak.

133.   Sage Hickox signed as witness.

134.   Based on publicly available appraisal data, 2328 Fincher Road was valued at $137,435 in 2022 by the Tarrant Appraisal District.

### ix.    551 County Road 3798, Springtown, TX 76082

135.   Kawcak claims the property at 551 County Road 3798, Springtown, TX 76082 as his homestead under Texas law.

136.   On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 551 County Rd 3798 in Wise County.

137.   The deed is purportedly dated April 2022, and is granted to "Jennifer Nicole Kawcak and Ivan John Kawcak Jr. as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

138.   The deed recites only $10 as consideration for the deed.

139.   The deed is signed by John Kawcak and Jennifer Kawcak.

140.   Sage Hickox signed as witness.

141.   Based on publicly available appraisal data, 551 County Road 3798 was valued at $801,065 in 2022 by the Wise Appraisal District.

### x.   9901 FM 1156, Jacksboro, TX 76459

142.   On June 2, 2022, Kawcak recorded a Deed of Trust in Jack County, which recited that John Kawcak and Jennifer Kawcak borrowed $1,400,000 from IJJSSTEX Management LLC, and secured a lien on the property at 9901 FM 1156, Jacksboro, TX 76458.

143.   Both John and Jennifer Kawcak signed the Deed of Trust.

144.   The legal description of the property is recited as "AB 257 BLK 2-44 HEN CSL; bearing tax assessor parcel number 8297, commonly known as 9901 FM 1156 Jacksboro TX 76458."

145.   The Deed of Trust recites that it was prepared by Lawyers Limited.

146.   John Kawcak has not identified any consideration for the lien on 9901 FM 1156. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

147.   John Kawcak and Jennifer Kawcak then re-recorded that Deed of Trust with a revised notary block on June 22, 2022.

148.   John Kawcak and Jennifer Kawcak signed as borrowers, and Sage Hickox signed as the witness.

149.  On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Tarrant County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

150.  The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

151.  The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

152.  The assignment was signed by Sage Hickox as a witness.

153.  On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 9901 FM 1156.

154.  The deed is purportedly dated April 22, 2022, and is granted to "Ivan John Kawcak Jr. (john Kawcak) [sic] and Jennifer Nicole Kawcak as trustees of IJJSSTEX Management LLC., dated April 22, 2022."

155.  The deed recites only $10 as consideration for the deed.

156.  The deed is signed by John Kawcak and Jennifer Kawcak.

157.  Sage Hickox signed as witness.

158.  Based on publicly available appraisal data, 9901 FM 1156 was valued at $614,350 in 2022 by the Jack County Appraisal District.

### xi.    The Slusher Road Properties.

159.    On June 2, 2022, Kawcak recorded a Deed of Trust in Jack County, which recited that John Kawcak and Jennifer Kawcak borrowed $425,000 from IJJSSTEX Management LLC and secured a lien on the property of the Slusher Properties Lot No 20 Block #2, Tract 1-19.25 Acres, Tract 2-Lot # 20, Block # 2-52.38 acres (the "Slusher Road Properties").

160.    Both John and Jennifer Kawcak signed the Deed of Trust.

161.    The legal description of the properties are:

First Tract-Tract Of land Containing 19.25 acres more or less, in Lot No 20, Block 2 Of the Henderson County Land Survey, Abstract 257 Jack County TX. Second Tract Containing 52.38 Acres more or less in Lot No 20, Block No 2 of the Henderson County School Land Survey, Abstract No 257, Jack County Texas; bearing tax assessor parcel number: 54024

162.    The Deed of Trust recites that it was prepared by Lawyers Limited.

163.    John Kawcak has not identified any consideration for the lien on the Slusher Properties. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

164.    John Kawcak and Jennifer Kawcak then re-recorded that Deed of Trust with a revised notary block on June 22, 2022.

165.    John Kawcak and Jennifer Kawcak signed as borrowers, and Sage Hickox signed as the witness.

166.   On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Jack County regarding the Slusher Road Properties.

167.   The assignment transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

168.   The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

169.   The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

170.   The assignment was signed by Sage Hickox as a witness.

171.   On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for the Slusher Road Properties.

172.   The deed is purportedly dated April 22, 2022, and is granted to "Ivan John Kawcak Jr. (john Kawcak) and Jennifer Nicole Kawcak as trustees of IJJSSTEX Management LLC., dated April 22, 2022."

173.   The deed recites only $10 as consideration for the deed.

174.   The deed is signed by John Kawcak and Jennifer Kawcak.

175.   Sage Hickox signed as witness.

176.   Based on publicly available appraisal data, the Slusher Properties were valued at $447,860 in 2022 by the Jack County Appraisal District.

### xii.   519 South Main Street, Springtown, TX 76083

177.   On June 2, 2022, John Kawcak recorded a Deed of Trust in Parker County, which recited that John Kawcak and Jennifer Kawcak borrowed $450,000 from IJJSSTEX Management LLC and secured a lien on the property at 519 South Main Street, Springtown, TX 76083 for that amount.

178.   Both John and Jennifer Kawcak signed the Deed of Trust.

179.   Sage Hickox signed as witness.

180.   The legal description of the property is recited as:

Being a 1.026 acres tract of land out the Mary Leonard Survey, Abstract No. 822, Parker County, Texas, being those certain tracts conveyed to Kendrick and described in Volume 1859, Page 1156 and Volume 1859, Page 1160, Real Property Records, Parker County, Texas; and being described by Meats [sic] and Bounds: bearing tax assessor parcel number 0, which currently has the address 519 South Main St Springtown TX 76082.

181.   The Deed of Trust recites that it was prepared by Lawyers Limited.

182.   John Kawcak has not identified any consideration for the lien on 519 Main Street. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

183.    On May 30, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Parker County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

184.    The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

185.    The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

186.    The assignment was signed by Sage Hickox as a witness.

187.    On September 27, 2023, John Kawcak and Jennifer Kawcak recorded a quitclaim deed for 519 South Main Street.

188.    The deed is purportedly dated April 2022, and is granted to "Jennifer Nicole Kawcak and Ivan John Kawcak Jr. as trustees of IJJSSTEX Management LLC, dated April 22, 2022."

189.    The deed recites only $10 as consideration for the deed.

190.    The deed is signed by John Kawcak and Jennifer Kawcak.

191.    Sage Hickox signed as witness.

192.    Based on publicly available appraisal data, 519 South Main Street was valued at $57,920 in 2022 by the Parker County Appraisal District.

### xiii.   770 San Remo Dr, Boulder City, NV.

193.   On June 27, 2022, Kawcak recorded a Deed of Trust in Clark County, which recited that John Kawcak and Jennifer Kawcak borrowed $472,000 from IJJSSTEX Management LLC, and secured a lien on the property at 770 San Remo Dr., Boulder City, NV 89005 for that amount.

194.   Both John and Jennifer Kawcak signed the Deed of Trust.

195.   Sage Hickox signed as witness.

196.   The legal description of the property is recited as:

Lot Twenty (20) In Block four (4) of La Dolce Vita Unit No. 4, as shown by map thereof on file in Book 46 of Plats, Page 34, and amended by Certificate of Amendment recorded December 8th, 1994, in Book 941208 of Official Records as Document No. 00886, In office of the County Recorder of Clark County Nevada; bearing tax assessor parcel number: 0, which currently has the address of 770 San Remo Dr., Boulder City, NV 89005.

197.   The Deed of Trust recites that it was prepared by Lawyers Limited.

198.   John Kawcak has not identified any consideration for the lien 770 San Remo Dr.. Nor have Defendants explained how the newly formed IJJSSTEX Management LLC could have any assets with which to provide value for the lien.

199.   On June 1, 2023, IJJSSTEX Management LLC recorded an "Assignment of Deed of Trust" in Clark County that transfers the deed of trust to "CSB Holdings 329, LLC (Cook Islands)."

200.   The assignment recites that it is "For Value Received," but does not identify any consideration for the assignment.

201.   The assignment was signed by John Kawcak and Jennifer Kawcak, with the signature block reflecting that it is signed by "Ivan John Kawcak Jr., Manager" of IJJSSTEX Management LLC.

202.   The assignment was signed by Sage Hickox as a witness.

203.   Based on publicly available appraisal data, 770 San Remo Dr. was valued at $333,877 in 2023 by the Clark County Assessor.

### C.   Antero discovered that John Kawcak had immediately began dissipating his assets after the court entered judgment against him.

204.   In response to a motion by Antero for aid in enforcement of the judgment, John Kawcak submitted a declaration under penalty of perjury that stated he had not dissipated his assets during the appeal:

> 9.     I should note that throughout the appeal proceeding, I have not liquidated, transferred, or dissipated any properties (other than for the purposes stated above), and have no intention of doing so presently.
>
> **FURTHER**, Declarant says not.
>
> Signed April 26, 2023
>
> /s/ John I. Kawcak
> John Kawcak

205.   In a later filing in the Northern District on October 26, 2023, John Kawcak admitted that he began dissipating his assets the week after the trial court entered judgment against him.

206.   John Kawcak submitted a declaration under penalty of perjury claiming that all his assets were encumbered or otherwise transferred and therefore not subject to execution to satisfy the judgment against him.

207.   When Antero alerted Judge Means of the Northern District of Texas to the discrepancy between the two statements, John Kawcak explained in another signed declaration under penalty of perjury that in the April 26, 2023 declaration, he meant that he had already transferred his assets before the appeal began.

208.   John Kawcak also said that the transactions were for "estate-planning" and instigated by his wife, Jennifer Kawcak.

4.     The creation of the J & J Management Trust and IJJSSTEX Management LLC which I voluntarily identified to the Court and Antero's counsel via my Declaration of October 26, 2023 were the result of estate planning decisions instigated by my wife, Jennifer (Rabb) Kawcak, with which I cooperated.

5.     At the time of the prior motion practice related to turnover and my resulting motion proposing alternative appellate stay relief, the property which had been placed in trust and in the LLC remained in the trust and LLC. I considered that to be consistent with what I represented in

**DECLARATION OF JOHN KAWCAK**
**IN SUPPORT OF RESPONSE TO INJUNCTION MOTION**                    Page 1
DM#675520

*Appx. 003*

set out in paragraphs 4-6 above.

**FURTHER**, Declarant says not.

Signed: November 8, 2023

John Kawcak

## D.     Defendants transferred the property with intent to delay, hinder, and defraud Antero.

209.   John Kawcak and the other Defendants transferred the property described above with the intent to delay, hinder, and defraud Antero, in that the

Defendants transferred the property with the intent of preventing Antero from collecting on the Judgment.

210.   John Kawcak claims that all of his property is encumbered by liens or otherwise alienated and therefore cannot be used to satisfy the Judgment.

211.   Defendants' supposed liens were created without adequate consideration and not for reasonably equivalent value.

212.   Each of Defendants' liens and transfers were in favor of new entities with no assets.

213.   Defendants John Kawcak and Jennifer Kawcak continue to control IJJSSTEX Management LLC as the Managers and continue to receive property on behalf of the LLC.

214.   The transfers collectively were substantially all of John Kawcak's assets.

215.   As a result of the series of transactions, John Kawcak claims that he no longer has sufficient assets to satisfy the Judgment against him.

216.   In response to Antero's post-judgment motion for aid in enforcement of the judgment, Kawcak submitted a declaration under penalty of perjury asserting that all of his assets were encumbered and therefore he had no assets to satisfy the judgment.

217.    Defendants IJJSSTEX Management LLC, John Kawcak in his capacity as member of IJJSSTEX Management LLC, and Jennifer Kawcak in her capacity as member of IJJSSTEX Management LLC received property from John Kawcak with notice of the Judgment against Kawcak and with intent to delay, hinder, and defraud Antero.

218.    John and Jennifer Kawcak created IJJSSTEX Management LLC shortly after the Judgment and transferred assets to IJJSSTEX Management LLC.

219.    Defendants also provided inadequate consideration for the transfers to IJJSSTEX Management LLC.

220.    John Kawcak also received property in his capacity as "Trustee of IJJSSTEX Management LLC" in the form of quitclaim deeds to the properties.

221.    Jennifer Kawcak executed deeds, liens, and other documents to further the transactions with intent to delay, hinder, and defraud Antero.

222.    Jennifer Kawcak is the wife of John Kawcak and knew that he had been sued by Antero.

223.    Jennifer Kawcak was aware that the Northern District of Texas had entered a Judgment against John Kawcak.

224.    Jennifer Kawcak instigated the transactions as part of a plan to transfer John Kawcak's assets to her children.

225.   Jennifer Kawcak also benefitted from the transactions and has been able to retain control over the properties.

226.   Jennifer Kawcak also received property in her capacity as "Trustee of IJJSSTEX Management LLC" with intent to delay, hinder, and defraud Antero

227.   ORA Trustees Limited received transferred property in the J&J Management Trust with intent to delay, hinder, and defraud Antero.

228.   John Kawcak created the J&J Management Trust shortly after the Judgment had been entered against him, and ORA Trustees Limited was aware that the J&J Management Trust was being used to hide assets from John Kawcak's creditors.

229.   Kawcak also transferred assets from IJJSSTEX Management LLC to CSB Holdings 329, LLC (Cook Islands) with intent to delay, hinder, and defraud Antero.

230.   While a motion for enforcement was pending in the Northern District of Texas, John and Jennifer Kawcak caused IJJSSTEX Management LLC to assign the fraudulent deeds of trust in John Kawcak's property to CSB Holdings 329, LLC (Cook Islands) in May 2023.

231.   The transactions with CSB Holdings 329, LLC (Cook Islands) were intended to place another offshore entity between Antero and John Kawcak's assets.

232. On information and belief, IJJSSTEX Management LLC did not receive equivalent value for the transferred deeds of trust totaling nearly $4 million in liens.

233. CSB Holdings 329, LLC (Cook Islands) received the transferred property with intent to delay, hinder, and defraud Antero.

234. CSB Holdings 329, LLC (Cook Islands) was on inquiry knowledge of Antero's claims as Antero had filed abstracts of judgment in Wise, Jack, Parker, and Tarrant Counties before ORA received the assignments.

235. Further, CSB Holdings 329, LLC (Cook Islands) was aware that IJJSSTEX Management LLC had not provided equivalent value for the deeds of trust, and likewise did not pay equivalent value for nearly $4 million in liens on Texas real property.

## V.
## CLAIMS

236. Antero realleges and incorporates by reference the allegations of all preceding paragraphs.

### COUNT I

### Fraudulent Transfers

237. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving

a reasonably equivalent value in exchange for the transfer or obligation. Tex. Bus. & Com. Code §24.005(a).

238.   In determining actual intent, Texas law considers at least eleven badges of fraud, including, but not limited to:

1)   the transfer or obligation was to an insider;

2)   the debtor retained possession or control of the property transferred after the transfer;

3)   the transfer or obligation was concealed;

4)   before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

5)   the transfer was of substantially all the debtor's assets;

6)   the debtor absconded;

7)   the debtor removed or concealed assets;

8)   the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

9)   the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Tex. Bus. & Com. Code §24.005(b).

239.   Each of the transactions here bears several badges of fraud—and they were made long after John Kawcak had been sued by Antero and shortly after a Judgment had been entered against John Kawcak.

240.   A creditor can obtain relief under Texas's Uniform Fraudulent Transfer Act, including (1) avoidance of the transfer or obligation, (2) attachment or other provisional remedy against the asset transferred or other property of the transferee; or (3) other relief including an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property, or appointment of a receiver, or any other appropriate relief. Tex. Bus. & Com. Code §24.008(a). Damages are also available. Tex. Bus. & Com. Code §24.009(b).

## COUNT II

## Civil Conspiracy

241.   "To prove a claim for civil conspiracy, one must show: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result." *Baxsto, LLC v. Roxo Energy Co., LLC*, 668 S.W.3d 912, 945 (Tex. App.—Eastland 2023, pet. filed).

242.   Further, civil conspiracy requires that an underlying tort cause damages to the plaintiff. *Basxsto, LLC*, 668 S.W.3d at 945.

243.   Here, Defendants all engaged in a civil conspiracy to fraudulently transfer John Kawcak's assets and hinder, delay, and defraud Antero.

244.   "The fraudulent transfer of assets is a tort." *In re Tex. Am. Exp., Inc.,* 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, no pet.).

245.   John and Jennifer Kawcak conspired to transfer assets to newly created offshore entities and place those assets out of reach of Antero. The entity Defendants conspired to receive property with intent to hinder, delay, and defraud Antero.

246.   The Defendants, including the entity defendants, executed numerous conveyances and transfers in support of the conspiracy.

247.   Antero has been damaged as a result. Antero has had to incur additional collections costs and delays as it attempts to unwind the morass of transactions.

248.   Antero has also been damaged because, until the transactions are fully unwound, the Defendants' filings recite that Defendants transferred nearly $4 million of assets that were otherwise reachable by Antero to satisfy the Judgment.

249.   John Kawcak now claims that he has insufficient assets to satisfy the Judgment for over $12 million.

## COUNT III
## Alter Ego Liability

250. Courts disregard corporate separateness "when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *Wilson v. Davis*, 305 S.W.3d 57, 68 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Courts generally disregard the corporate form:

- when the fiction is used as a means of perpetrating fraud;

- where a corporation is organized and operated as a mere tool or business conduit of another;

- where the corporate fiction is resorted to as a means of evading an existing legal obligation; and

- where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Wilson*, 305 S.W.3d at 68-69.

251. Principles of veil-piercing and alter-ego liability "apply equally to limited liability companies." *U.S. KingKing, LLC v. Precision Energy Servs., Inc.*, 555 S.W.3d 200, 213 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

252. Further, a fraudulent transfer is sufficient in itself to satisfy the actual-fraud requirement of piercing the corporate veil. *In re Ritz*, 832 F.3d 560, 567 (5th Cir. 2016).

253. IJJSSTEX Management LLC and ORA Trustees Limited are liable as the alter egos of John Kawcak.

254.   John Kawcak utilized these entities to transfer assets as a means of evading existing legal obligations and as part of a fraud.

255.   Respecting any separateness fiction in this circumstance would lead to an inequitable result.

## COUNT IV
## Constructive Trust

256.   "A constructive trust is an equitable, court-created remedy designed to prevent unjust enrichment." *Kinsel v. Lindsey*, 526 S.W.3d 411, 425 (Tex. 2017).

257.   The party requesting a constructive trust must establish the following: (1) breach of a fiduciary relationship or fraud; (2) unjust enrichment of the wrongdoer; and (3) an identifiable res that can be traced back to the original property. *Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir.1994) (applying Texas law).

258.   Here, the Court should impose a constructive trust on the properties transferred by and to Defendants and the proceeds therefrom.

259.   Defendants committed fraud against Antero through the series of fraudulent transfers.

260.   As a result, Defendants retain property that should be subject to execution as the property of John Kawcak.

261.   And each of the properties can be traced back to properties owned by John Kawcak, including through the deeds, conveyances, and UCC financing statements identifying property.

## COUNT V
### Attorney's Fees

262.   In a proceeding under the Texas Uniform Fraudulent Transfer Act, the court may award costs and reasonable attorney's fees as are equitable and just. Tex. Bus. & Com. Code § 24.013.

263.   As a result of Defendants actions, Antero has incurred reasonable attorney's fees and seeks recovery of those fees.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Antero respectfully requests that this Court enter judgment providing the following relief:

A.     Order, declare, and adjudge that the Defendants' transfers and encumbrances on the real and personal property of John Kawcak are void.

B.     Order, declare, and adjudge that the deeds of trust in favor of IJJSSTEX Management LLC, assignments of deeds of trust to CSB Holdings 329, LLC, and the quitclaim deeds in favor of Jennifer Kawcak and John Kawcak are all fraudulent and are set aside and canceled.

C.     Order attachment of the real and personal property in the hands of Defendants that has been transferred or encumbered by John Kawcak since Antero's suit against John Kawcak;

D.      Order Defendants to pay damages to Antero for the value of the fraudulently transferred assets in an amount to be determined at trial;

E.      Order Defendants to pay pre-judgment and post-judgment interest on such monetary relief;

F.      Order Defendants to pay punitive damages;

G.      A temporary restraining order and temporary injunction against further disposition of property by Defendants of any traceable proceeds of property owned by John Kawcak;

H.      An injunction against further disposition of property by Defendants of any property that can be used to satisfy the Judgment;

I.      Appoint a receiver to take charge of the assets transferred or of other property of the transferee Defendants;

J.      Order Defendants to pay costs of bringing this lawsuit, including Antero's reasonable attorney's fees;

K.      Grant such other and further relief as may be requested hereafter by Plaintiff, or as the Court deems necessary and appropriate.

DATED:     November 17, 2023

Respectfully submitted,

                **VINSON & ELKINS L.L.P.**

                */s/ Phillip B. Dye, Jr.*
                Phillip B. Dye, Jr.
                Texas Bar No. 06311500
                pdye@velaw.com
                845 Texas Avenue, Suite 4700
                Houston, Texas 77002
                Telephone: 713.758.2048

                Ethan Nutter
                Texas Bar No. 24104988
                enutter@velaw.com
                200 West Sixth Street, Suite 2500
                Austin, Texas 78701
                Telephone: 512.758.2048

                *Counsel for Antero Resources*
                *Corporation*